IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SPRAYLOCK CONCRETE PROTECTION, LLC, | ) ) ) |
| Plaintiff, | ) ) Docket Number: 22C 330 |
| v. | ) ) Div: |
| RORY BOSMA and SPECIFICATION PRODUCTS, INC. | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff Spraylock Concrete Protection, LLC ("SCP"), by and through counsel, and sue Defendants, Rory Bosma ("Bosma") and Specification Products, Inc. ("SPI") (collectively, the "Defendants").

In support of its Complaint, Plaintiff asserts the following:

### I. THE PARTIES

1. Plaintiff SCP is a for-profit, Tennessee LLC with its principal place of business located at 5959 Shallowford Road, Suite 405, Chattanooga, Hamilton County, Tennessee 37421-2228.

2. Defendant Bosma is an individual who, upon information and belief, can be served at 11921 80th Avenue E., Puyallup, WA 98373.

3. Defendant SPI is a for-profit corporation and can be served with process by, and through, its registered agent, Joseph Shetterley, at 1718 Pleasant Street, Noblesville, Indiana 46060.

1

**Exhibit A**

## II. VENUE AND JURISDICTION

4. This court has subject matter jurisdiction over Plaintiff's claims and venue is proper because this lawsuit arises out of the Defendants' tortious actions directed at SCP, whose principal place of business is located in Hamilton County, Tennessee.

## III. THE FACTS

5. SCP manufactures, markets, and distributes concrete protection products to individual and wholesale customers throughout the United States.

6. All orders for SCP products are received and processed in Hamilton County, Tennessee.

7. Bosma previously worked for SCP as an independent sales agent for SCP from approximately May 2015 to February 2019. In this capacity, Bosma marketed and sold SCP's products in its sales territory for the State of Washington.

8. Upon information and belief, Bosma has worked for SPI since April 2021 as an employee, independent sales agent, or in some other explicit or implicit agency capacity. Bosma holds himself out on the social media website LinkedIn.com as an Independent Manufacturing Representative for SPI.

9. While SCP and SPI sell concrete protection products that are fundamentally different in makeup and application, the two companies do, at least in part, market and sell their concrete protection products to the same or similar customer demographic.

10. On multiple occasions, Bosma has made false and misleading statements about the products sold by SCP.

11. On or about January 2022, Bosma published a "post" on social media that included a photo showing a container of SCP's 327 product alongside a container of SPI's E5 Shield

2

product. The post also included photos of the purported pH testing Bosma performed on those two products to determine which one was "true nano-silica" (the "pH post"). A redacted screenshot of the pH post is included below:



12. According to Bosma, the purpose of the pH testing was to determine which of these two products constituted "true colloidal nano-silica" and, conversely, which product amounted to only "expensive salt water".

13. According to the pH measurement scale provided by Bosma in the pH post, the test results showed that SCP's 327 product was the "expensive salt water" and, unlike SPI's E5 Shield product, was not a "true colloidal nano-silica". These statements concerning SCP's 327 product are not true.

14. Upon information and belief, Bosma intended for the pH post to be understood by third person customers as factual. Bosma's intent is evidenced by his inclusion of the phrasing "#truthbomb" in the pH post – the purpose of his communication being to market the SPI's product by holding out SCP's 327 product as inferior to its competitor.

15. Bosma's pH post was available to third persons, including Bosma's "connections" on the social media platform. Further, the pH post potentially could be republished by Bosma's "connections" to an even larger audience – perhaps the general public, depending on the applicable security settings.

16. An individual then commented on the pH post, stating that he previously used SCP's 327 product on multiple projects. Bosma then replied to the comment and said that SCP 327 was "real colloidal *silicate*" and not the claimed "colloidal *silica*".[1]

17. Bosma then replied a second time in the pH post's comment section and stated, "They [SCP] charge a lot so people take them seriously. Surprised it's worked for so long."

18. When same individual commented again on the pH post, Bosma replied to this individual for a third time. Here, in response to the individual's statement that he previously

---

[1] (emphasis added).

4

purchased SCP's 327 product for a project in Olympia or Tacoma, Bosma specifically identified the referenced project and stated that the current SPI product sold by Bosma was a "truly permanent treatment for about 1/2 the price," contrasted with SCP's product which he represented to be water soluble and therefore not permanent. Redacted screenshots of the pH post's comment thread are included below:



5

19. Upon information and belief, Bosma intended the audience seeing the pH post and subsequent comments to openly communicate, or at the very least imply, that SCP engages in fraudulent or misleading marketing practices for its 327 product.

20. Bosma directed these false and misleading statements regarding SCP's product to one or more current customers or former purchasers of SCP's products.

21. Bosma's recent false and misleading statements are further called into question, given that in his LinkedIn profile Bosma previously described SCP's product as: "There is no competition for this technology. No other product can do what SCP does."

22. On January 17, 2022, SCP's legal counsel sent a cease and desist letter to Bosma via certified and electronic mail demanding that he refrain from any additional and further false and misleading statements regarding SCP and its products.[2] SCP's legal counsel also mailed a copy of the letter to the address of SPI's registered agent.

23. Shortly thereafter, SCP learned that Bosma ignored SCP's cease and desist directive and again made a false and misleading statement concerning SCP's product – on or about February 16, 2022, Bosma "tagged" one of SCP's customers in a comment on social media and made a false and misleading statement regarding one of SCP's products. Screenshots of this comment thread are included below:

---

[2] A copy of the January 17, 2022 cease and desist letter is attached as **Exhibit 1.**



24. SCP anticipates uncovering additional false and misleading statements made by Bosma regarding SCP's products throughout the course of this litigation. Moreover, SCP's investigation is ongoing regarding the extent of the damages resulting from Defendants' actions.

25. Bosma worked for SPI when he made these false and misleading statements. His job with SPI consists of marketing and selling SPI's products. Bosma was acting in the course and scope of his employment with SPI or was acting on its behalf as an agent and for SPI's benefit during all times relevant to SCP's claims that are the basis of this lawsuit.

26. SPI is vicariously liable for Bosma's bad acts against SCP that are the basis of this lawsuit.

27. If the Defendants continue to take actions for the purpose of damaging the reputation and goodwill of SCP with its customers and prospective customers, it will cause immediate and irreparable injury, loss or damage to SCP.

## CAUSES OF ACTION

### Count 1: Intentional Interference with Existing and Potential Business Relationships

28. SCP repeats and realleges the forgoing paragraphs as if fully stated herein.

29. SCP has existing and/or potential business relationships with customers and potential customers for the sale of its concrete protection products.

30. Bosma, by reason of his former position as an independent sales representative for SCP, knew of these actual or prospective customers.

31. Upon information and belief, Bosma intended to and improperly interfered with SCP's existing and potential business relationships with its existing customers and potential customers.

32. Upon information and belief, Bosma had improper motive and used improper means in making false and misleading statements concerning one or more SCP's products to interfere with SCP's existing and potential business relationships with existing customers and potential customers.

33. SCP has sustained damages due to Bosma's interference with SCP's existing and potential business relationships with existing customers and potential customers.

34. SPI is vicariously liable for Bosma's intentional interference with SCP's existing and potential business relationships.

35. Defendants are jointly and severally liable for their tortious actions against SCP.

### Count 2: Defamation
### (Libel and Slander)

36. SCP repeats and realleges the forgoing paragraphs as if fully stated herein.

37. Bosma published false and misleading written statements about one or more of the products sold by SCP.

8

38. Upon information and belief, Bosma made false and misleading oral statements about one or more of the products sold by SCP.

39. In his pH post on social media, Bosma's published defamatory statements included stating that (1) SCP 327 product was "expensive salt water"; (2) that SCP's 327 product was "real colloidal *silicate*" and not the claimed "colloidal *silica*"[3]; (3) that SCP charged a lot [for its product(s)] so people take them seriously and that it was surprising to him that this alleged marketing strategy had "worked for so long", (4) and that SCP's product was water soluble and not permanent; and that (5) SCP sold its customers alkaline silicate.

40. Bosma's statements were defamatory.

41. Bosma's statements were published and could be viewed by members of the general public, including Bosma's "connections" on the social media platform and could potentially be republished or "shared" by Bosma's "connections" to an even larger public audience.

42. Bosma intended for his defamatory statements to be understood as factual. Bosma's intent is evidenced by his inclusion of the phrasing "#truthbomb" in the pH post.

43. Upon information and belief, the individuals seeing Bosma's defamatory statements understood their meaning and that those statements referred to SCP and its products.

44. Bosma knew his statements were false before communicating them to third persons, or, alternatively, acted with reckless disregard in failing to determine whether his statements were true before communicating such statements to third persons.

45. SCP anticipates uncovering additional defamatory statements throughout the course of this litigation.

---

[3] (emphasis added).

46. When reasonably construed, Bosma's defamatory statements hold SCP up to public hatred, contempt, or ridicule, and/or deprives SCP of the benefits of public confidence.

47. Upon information and belief, Bosma acted with actual malice in making the defamatory statements.

48. The communication of Bosma's defamatory statements have resulted in injury to SCP's character and reputation.

49. SPI is vicariously liable for Bosma's libel actions.

50. Defendants are jointly and severally liable for the defamatory statements regarding SCP.

## Prayer for Relief

Plaintiffs pray that this Court hold a bench trial and, upon a hearing on the merits, enter a judgment against Defendants as follows:

1. That proper process issue and be served upon Defendants requiring them to appear and answer within the time period provided by law;

2. That the Court grant a temporary restraining order, preliminary injunction, and permanent injunction against Defendants, enjoining them from making any oral or written false and misleading statements about the products that SCP sells;

3. That the Court render a judgment against the Defendants, jointly and severally, for damages in an amount to be determined at trial that SCP has incurred as a result of the Defendants' actions set forth above, including but not limited to, prejudgment and post-judgment interest, court costs, and reasonable attorneys' fees;

4. That the Court render a judgment against Defendants, jointly and severally, for punitive damages; and

5. Award any and all further relief determined just under the law and facts of this cause;

                                                Respectfully submitted,

                                                Patrick, Beard, Schulman & Jacoway, P.C.

By: /s/ Robert W. Wheeler
Gary R. Patrick, #001941
Robert W. Wheeler, #034485
Suite 300, Market Court
537 Market Street
Chattanooga, Tennessee 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032
Email: gpatrick@pbsjlaw.com
           rwheeler@pbsjlaw.com

*Attorneys for Spraylock Concrete Protection, LLC*

Exhibit 1

## PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

SUITE 300, MARKET COURT
537 MARKET STREET
CHATTANOOGA, TENNESSEE 37402-1240
www.pbsjlaw.com

GARY R. PATRICK *
JOHN W. BEARD *
RICHARD A. SCHULMAN
STEVEN M. JACOWAY*
CARA J. ALDAY*
JERRE B. MOSLEY
R. JONATHAN GUTHRIE
CARTER J. LYNCH, III
ERIC J. OLIVER

MICHAEL A. ANDERSON (1960-2019)

* ALSO LICENSED IN GEORGIA
# ALSO LICENSED IN KENTUCKY

SUSIE LODICO
ELIZABETH M. HILL #
McKINLEY S. LUNDY, JR.
JOHN H. TEMPLETON*
JEREMY M. COTHERN
ROBERT W. WHEELER
LANCE W. POPE
KRISTEN D. WILLIAMS *
WILLIAM W.B. BUSH, JR.
BRYSON A. LYPE
CHANSE J. HAYES

TELEPHONE (423) 756-7117
FACSIMILE (423) 267-5032

GARY R. PATRICK
gpatrick@pbsjlaw.com

January 17, 2022

**Via Certified Mail, Return Receipt Requested and
Email – rbosma2008@gmail.com and sales@concreteprotectionllc.com**
Rory Bosma
11921 80th Avenue E.
Puyallup, WA 98373

**In re: Spray-Lock Concrete Protection, LLC**

Dear Mr. Bosma:

Please be advised that our firm represents Spray-Lock Concrete Protection, LLC ("SCP"). It has recently come to our attention that you have been making false and misleading statements about the products that SCP sells. False and misleading statements can be considered slander and libelous.

Employees and customers of SCP have notified and alerted SCP about the statements that you have been making, both orally and in writing. SCP is aware that you have called their product "expensive salt water." Further, you have stated that SCP's product is "not what they claim it to be. . . ." You have also made the statement that "they charge a lot so people take them seriously. Surprised it's worked for so long."

Your statements are false and misleading. You should also be aware that PH testing is not the correct test for the effectiveness of this product.

Not only are your statements considered to be libelous and slanderous under the law, but to the extent that SCP has lost customers as a result of your false statements, you may also be liable for "intentional interference with business relationships."

This letter is notification to you that you should cease and desist from any additional and further false and misleading statements. If you fail to discontinue making oral statements, as well as written statements, SCP will immediately seek legal remedy.

*Rory Bosma*
*January 17, 2022*
*Page 2*

---

If you have any questions concerning this matter, we would suggest that you retain an attorney and contact the undersigned.

Sincerely,

*Gary Patrick*

Gary R. Patrick
For the Firm

GRP/bla

cc, via U.S. mail:    Specification Productions
                                1718 Pleasant Street
                                Noblesville, IN 46060

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SPRAYLOCK CONCRETE PROTECTION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket Number: 22C 330 ) |
| | ) Div: |
| RORY BOSMA and SPECIFICATION PRODUCTS, INC. | ) ) ) |
| Defendants. | ) |

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the Plaintiff in the event the Plaintiff shall not pay them.

Witness Our Hands this ___16th___ day of ___March___ 2022.

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: _Robert W. Wheeler_
Robert W. Wheeler – SURETY

537 Market Street, Suite 300, Chattanooga, TN 37402
ADDRESS

(423) 756-7117
TELEPHONE NUMBER

*(Surety on a bond for costs shall not be released from the obligation as surety until there is provision for a substitute surety.)*

# CIVIL CASE COVER SHEET

Check One: ☒ CIRCUIT COURT ☐ CHANCERY COURT DOCKET NO. 22C330

Date 03.16 Attorney of Record Gary R. Patrick

DTC

R# 369285

## I. Origin (Check One)
- ☒ Original Proceeding
- ☐ 3rdParty Claim
- ☐ Case Reopened
- ☐ Intervening Claim
- ☐ Counter-claim
- ☐ Other (Specify) _____
- ☐ Cross-claim

## II. TYPE OF SUIT (CHECK ONE)

### DOMESTIC RELATIONS
- ☐ 361 Paternity
- ☐ 371 Divorce
- ☐ 391 Reciprocal Support – Incoming
- ☐ 401 Other Domestic Relations (Specify) _____
- ☐ 362 Legitimation
- ☐ 381 Order Of Protection
- ☐ 392 Reciprocal Support – Outgoing
- ☐ 363 Adoption

### GENERAL CIVIL
- ☐ 461 Contract/Debt
- ☒ 471 Damages/Torts
- ☐ 491 Workers Compensation
- ☐ 501 Probate
- ☐ 581 Miscellaneous General Civil (Specify) _____
- ☐ 462 Specific Performance
- ☐ 481 Real Estate Matter
- ☐ 511 Juvenile Court appeal
- ☐ 571 Conservatorship
- ☐ 541 Judicial Hospitalization
- ☐ 512 General Sessions Appeal
- ☐ 572 Guardianship
- ☐ 513 Appeal From Admin. Hearing
- ☐ 573 Trust

**Other**
### PETITION FOR: (REOPENED CASES)
- ☐ 382 Contempt
- ☐ 551 Other

**Other**
- ☐ 383 Custody/Visitation/Child Support
- ☐ 387 Wage Assignment Hearing

## III.
Total amount sued for $0.00
Specify type of damages or relief sought _____
Statutory authority for suit, if any _____

- IV. Check one, ☐ Affidavit to Proceed in Forma Pauperis
- V. JURY DEMAND (Check Yes Only If Demanded In Complaint) ☐ Yes ☒ No
- VI. RELATED CASES (If Any) Docket # _____ ☒ Cost Bond Surety Patrick, Beard, Schulman & Jacoway, P.C.
  Date Filed _____ Judge _____ Status _____

## VII. PLAINTIFF / PETITIONER INFORMATION (List Additional Parties On Supplemental Form)
1. Name _____ LAST _____ FIRST _____ MIDDLE
☐ AKA ☐ DBA ☐ BNF
S.S. # - - DOB _____ Drivers License # _____
COMPANY NAME Spraylock Concrete Protection, LLC ATTORNEY Gary R. Patrick
ADDRESS 5959 Shallowford Road, Suite 405 ADDRESS 537 Market Street, Suite 300
CITY Chattanooga STATE TN ZIP CODE 37421 CITY Chattanooga STATE TN ZIP CODE 37402
EMPLOYER _____ PHONE 423-756-7117
ADDRESS _____ BOARD OF PROFESSIONAL RESPONSIBILITY # 030911
CITY _____ STATE _____ ZIP _____

## VIII. DEFENDANT/ RESPONDENT INFORMATION (List Additional Parties On Supplemental Form)
1. Name Bosma LAST Rory FIRST _____ MIDDLE
☐ AKA ☐ DBA ☐ BNF
S.S. # - - DOB _____ Drivers License # _____
COMPANY NAME 11921 80th Avenue E. ATTORNEY _____
ADDRESS _____ ADDRESS _____
CITY Puyallup STATE WA ZIP 98373 CITY _____ STATE TN ZIP _____
EMPLOYER _____ PHONE _____
ADDRESS _____ BOARD OF PROFESSIONAL RESPONSIBILITY #
CITY _____ STATE _____ ZIP _____

## TYPE OF SERVICE REQUIRED (Check One)
- ☐ Out of County Sheriff
- ☐ Local Sheriff
- ☐ Comm. Of Ins.
- ☐ Publication (specify)
- ☒ Other (specify) PRIVATE PROCESS SERVER
  Special Instructions _____

## IX. ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION
1. Name _____
ADDRESS _____
CITY _____ STATE _____ ZIP _____
Type Of Service (specify) _____
Are additional plaintiffs or defendants listed on a separate sheet? ☒ YES ☐ NO

Case 1:22-cv-00109-KAC-CHS   Document 1-1   Filed 05/05/22   Page 15 of 16   PageID #: 21

# SUPPLEMENTAL CIVIL CASE COVER SHEET
## ADDITIONAL PARTIES INFORMATION

DOCKET NO. 22C330

**Check One:**
- [ ] Plaintiff / Petitioner
- [x] Defendant / Respondent
- [ ] Associated Party

**NAME** _____ LAST _____ FIRST _____ MIDDLE
- [ ] aka
- [ ] dba
- [ ] bnf

**COMPANY NAME:** Specification Products, Inc.
**ADDRESS:** c/o Registered Agent Joseph Shetterly, 1718 Pleasant Strett
**CITY:** Noblesville  **STATE:** Indiana  **ZIP:** 46060
**EMPLOYER:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**ATTORNEY:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**PHONE:** _____

### TYPE OF SERVICE REQUIRED (check one)
- [ ] Personal (local sheriff)
- [ ] Out of county sheriff
- [ ] County Name _____
- [x] Sec. of State
- [ ] Comm. Of Ins.
- [ ] Publication (specify) _____
- [ ] Other (specify) _____
- [ ] Special Instructions _____

---

**Check one:**
- [ ] Plaintiff / Petitioner
- [ ] Defendant / Respondent
- [ ] Associated Party

**NAME** _____ LAST _____ FIRST _____ MIDDLE
- [ ] aka
- [ ] dba
- [ ] bnf

**COMPANY NAME:** _____
**ADDRESS:** _____
**CITY:** _____  **STATE:** _____  **ZIP:** _____
**EMPLOYER:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**ATTORNEY:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**PHONE:** _____

### TYPE OF SERVICE REQUIRED (check one)
- [ ] Personal (local sheriff)
- [ ] Out of county sheriff
- [ ] County Name _____
- [ ] Sec. of State
- [ ] Comm. Of Ins.
- [ ] Publication (specify) _____
- [ ] Other (specify) _____
- [ ] Special Instructions _____

---

DOCKET NO. _____

**Check One:**
- [ ] Plaintiff / Petitioner
- [ ] Defendant / Respondent
- [ ] Associated Party

**NAME** _____ LAST _____ FIRST _____ MIDDLE
- [ ] aka
- [ ] dba
- [ ] bnf

**COMPANY NAME:** _____
**ADDRESS:** _____
**CITY:** _____  **STATE:** _____  **ZIP:** _____
**EMPLOYER:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**ATTORNEY:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**PHONE:** _____

### TYPE OF SERVICE REQUIRED (check one)
- [ ] Personal (local sheriff)
- [ ] Out of county Sheriff
- [ ] County Name _____
- [ ] Sec. of State
- [ ] Comm. Of Ins.
- [ ] Publication (specify) _____
- [ ] Other (specify) _____
- [ ] Special Instructions _____

---

**Check one:**
- [ ] Plaintiff / Petitioner
- [ ] Defendant / Respondent
- [ ] Associated Party

**NAME** _____ LAST _____ FIRST _____ MIDDLE
- [ ] aka
- [ ] dba
- [ ] bnf

**COMPANY NAME:** _____
**ADDRESS:** _____
**CITY:** _____  **STATE:** _____  **ZIP:** _____
**EMPLOYER:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**ATTORNEY:** _____
**ADDRESS:** _____  **CITY:** _____  **STATE:** _____  **ZIP:** _____
**PHONE:** _____

### TYPE OF SERVICE REQUIRED (check one)
- [ ] Personal (local sheriff)
- [ ] Out of county sheriff
- [ ] County Name _____
- [ ] Sec. of State
- [ ] Comm. Of Ins.
- [ ] Publication (specify) _____
- [ ] Other (specify) _____
- [ ] Special Instructions _____