UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SPRAYLOCK CONCRETE PROTECTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:22-CV-109-KAC-CHS |
| RORY BOSMA, et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER DISMISSING CERTAIN PARTIES AND CLAIMS

On August 29, 2022, Plaintiff and Defendant/Third-Party Plaintiff Specification Products, Inc. (collectively "Moving Parties") filed a "Joint Motion . . . for Partial Dismissal of Parties and Claims" [Doc. 26]. Defendant Rory Bosma and Third-Party Defendant Concrete Protection, LLC (collectively "Non-Moving Parties") did not join that motion. The Moving Parties request dismissal of (1) "[a]ll claims asserted in [Plaintiff's] Complaint against [Defendant/Third-Party Plaintiff Specification Products] *with prejudice*," and (2) "[a]ll claims asserted in [Defendant/Third-Party Plaintiff Specification Products's] Third-Party Complaint against [Third-Party] Defendant Concrete Protection, LLC *without prejudice*" "[p]ursuant to Federal Rule of Civil Procedure 21" [*Id.* at 1-2 (internal citations omitted)]. The Moving Parties assert that Plaintiff's claims "against [Defendant/Third-Party Plaintiff Specification Products] have been settled and resolved," which "negat[es] [Defendant/Third-Party Plaintiff Specification Product's] need at this time to further prosecute the claims alleged in its Third-Party Complaint" [*Id.* at 2]. The Moving Parties further indicate that dismissal of the requested claims would leave "solely those [claims] alleged in [Plaintiff's] Complaint against Defendant Rory Bosma" [*Id.*].

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 21 controls where parties seek to (1) dismiss a "party," or several parties, or (2) sever any claim from the larger action. *See Letherer v. Alger Grp.*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). In evaluating a Rule 21 motion, the Court considers whether the dismissal would cause undue prejudice to Party that did not join in the motion. *See EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012).

Under Rule 21, dismissal of (1) Plaintiff's claims against Defendant/Third-Party Plaintiff Specification Products and (2) Defendant/Third-Party Plaintiff Specification Products's claims against Third-Party Defendant Concrete Protection, LLC would not be unduly prejudicial to the Non-Moving Parties, and the terms of the dismissal are just based on the Moving Parties' good faith representations. In addition, the Non-Moving Parties did not oppose the Moving Parties' Motion and thereby "waive[d] . . . any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2. Further, little substantive activity has occurred in this case so far—the Court has granted multiple extensions of the deadline to file a Rule 26(f) Report [Docs. 20; 24], no Party has filed a dispositive motion, and the Court has not yet entered a Scheduling Order.

Accordingly, the Court **GRANTS** the Moving Parties' "Joint Motion . . . for Partial Dismissal of Parties and Claims" [Doc. 26]. The Court **DISMISSES** (1) all claims against Defendant/Third-Party Plaintiff Specification Products, Inc. **WITH PREJUDICE** and (2) all claims against Third-Party Defendant Concrete Protection, LLC **WITHOUT PREJUDICE**. The

Clerk of Court shall **TERMINATE** Defendant/Third-Party Plaintiff Specification Products, Inc. and Third-Party Defendant Concrete Protection, LLC as Parties in this case.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge